UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

IN RE:

CHRISTOPHER MICHAEL KRULL                                    CASE NO.: 15-80206
DEBTOR(S)                                                    CHAPTER  13

## CHAPTER 13 PLAN

1. Debtor will pay to the Chapter 13 Trustee the sum of **$1,025.00** per month for a period of **60** months by **PAYROLL DEDUCTION** through debtor's employer **DFAS \***.  First plan payment is due on **3/26/2015.**  The Debtor submits all future income to the supervision and control of the Trustee for the execution of this Plan.

2. **Claims to be paid *DIRECT* by the Debtor or *Other Party*:**       None.

3. **Claims to be surrendered:**

   **WELLS FARGO** is secured with **HOME: 12 BITTERROOT LANE, SAVANNAH, GA** with a balance of **$134,700.00** owed on this debt.   Debtors are **SURRENDERING** the collateral and any deficiency, if any, shall be treated as any other general unsecured claim under this plan.

   **HARLEY DAVIDSON/EAGLEMARK** is secured with **MOTORCYCLE: 2006 HARLEY DAVIDSON FXSTB** with a balance of **$11,506.00** owed on this debt.   Debtors are **SURRENDERING** the collateral and any deficiency, if any, shall be treated as any other general unsecured claim under this plan.

4. **Claims to be paid through the plan by Trustee:**

   **Administrative Claims and/or Adequate Protection Payments:**

   a. **CHAPTER 13 TRUSTEE** shall receive approximately 10% of the plan payments.

   b. **DAVID J. KLANN** has an attorney fee balance of **$2,800.00** (*Standard*) in connection with the filing of the Bankruptcy Petition to be paid in full by the Chapter 13 Trustee as soon as funds are available and at Trustee's discretion.

   c. **ADEQUATE PROTECTION CLAIMS** to be paid by Chapter 13 Trustee: See Paragraph 5.

5. **Secured Claims to be paid by the Trustee:**

   Secured claims listed below will be paid as indicated below and prior to claims of lower priority indicated below:

   **CAPITAL ONE AUTO FINANCE** is secured with **AUTOMOBILE: 2012 KIA SOUL**.  Creditor shall have a secured claim in the amount of **$6,540.00 @ 5.25**% interest per annum.  As **Adequate Protection**, the Trustee will pay **$100.00** per month concurrently with Administrative Fees.

   **NISSAN MOTOR ACCEPTANCE** is secured with **AUTOMOBILE: 2014 NISSAN PATHFINDER**.  Creditor shall have a secured claim in the amount of **$35,468.00 @ 5.25**% interest per annum.  As **Adequate Protection**, the Trustee will pay **$200.00** per month concurrently with Administrative Fees.

**6. Unsecured Priority or Special Class Claims (not including Attorney/Trustee fees):**

After secured claims are paid in full, the priority claims listed below will be paid prior to all claims of lower priority indicated below:

**LA DEPT. OF REVENUE** is a **TAX DEBT** of the Debtor of which the amount of the claim is **$258.00 @ 0.00%** interest per annum. The Trustee will pay as a **PRIORITY CLAIM $258.00**, during the plan. This debt will be paid in full in the plan.

**DEPT OF ED/NELNET** is a **GUARANTEED STUDENT LOAN** debt of which the amount owed is approximately **$14,250.00 @ 0.00%** interest per annum. The Trustee will pay as a **PRIORITY CLAIM *AS MUCH AS POSSIBLE*** during the plan. **This debt will survive the plan.**

**NAVIENT** is a **GUARANTEED STUDENT LOAN** debt of which the amount owed is approximately **$1,995.00 @ 0.00%** interest per annum. The Trustee will pay as a **PRIORITY CLAIM *AS MUCH AS POSSIBLE*** during the plan. **This debt will survive the plan.**

**7. General Unsecured Claims:**

Unless listed above, all other claims: (1) listed on Schedule F as unsecured; (2) listed on Schedule D and E as undersecured; or (3) any general unsecured claim filed before the bar date with no objection filed, will be treated as General Unsecured Claims and will receive a minimum of 0% of the claims. **See Schedule F of the Petition for a list of unsecured creditors.**

**8. Executory Contracts:**

None.

**9. Other Provisions:**

a. Title to Debtor(s) property will revest at confirmation.
b. Insurance to protect those creditors having secured claims will be provided;
c. Pursuant to 11 USC 1325(a)(5)(B), Secured creditors will retain their lien until the earlier of the payment of the underlying debt determined under non-bankruptcy law; or discharge under 1328. If the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.
d. The Confirmation Order shall constitute a judgment avoiding any lien, whether by security or trust deed, mortgage, security agreement, judgment, operation of statue, or otherwise ("lien") to the extent that the lien does not attach to the value in debtor(s) property, as such value is set forth therein or determined by court, prior liens provided for in this plan and shall also avoid any lien to the extent the claim underlying such lien is not an allowed claim. Plan Confirmation shall void all judgments filed against the debtor(s) & that the holders of said judgments must execute releases of their judgments, which releases be prepared and submitted at the debtors' expense.

**PLAN DATE:** 2/24/2015

Respectfully Submitted:

/s/DAVID J. KLANN
David J. Klann (#23162)
Attorney for Debtor(s)
607 S. 5th Street
Leesville, LA 71446
Email: **klannatty@klannatty.com**
Telephone: 337-238-1111
Fax: 337-238-2638